IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RIVER STATES TRUCK AND TRAILER, INC.,

                Plaintiff,

v.                                                  OPINION and ORDER

DAIMLER VANS USA LLC and                         20-cv-1089-jdp
MERCEDES-BENZ USA LLC,

                Defendants.

---

This civil action stems from Mercedes-Benz AG's announcement that it would stop manufacturing the Freightliner badged Sprinter van by December 31, 2021. As a result of Mercedes-Benz AG's decision, plaintiff River States Truck and Trailer, Inc., a motor vehicle dealer that sells Freightliner trucks and vans, will lose its Sprinter franchises. River States filed the present action for damages and injunctive relief under Wisconsin's Motor Vehicle Dealer Law. It contends that defendant Daimler Vans USA, LLC, with whom River States has the Sprinter franchise agreement, violated the law by terminating the franchises. River States also contends that defendant Mercedes-Benz USA LLC, the parent company of Daimler Vans, violated the law by refusing to grant River States a Mercedes-Benz franchise that would permit it to sell Mercedes-Benz badged Sprinter vans. The court has diversity jurisdiction under 28 U.S.C. § 1332.

Two motions are before the court. First, defendants filed a motion to dismiss River States' claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Dkt. 20. Defendants argue that River States lacks standing to sue and that its claims are not ripe. But River States has shown that it faces an imminent, concrete, and particularized

injury, and that there is a ripe dispute to be resolved by the court. So defendants' motion will be denied.

Second, Rivers States filed a motion for leave to file a second amended complaint that adds five additional Freightliner dealers as plaintiffs and adds claims for inequitable allocation and delivery of Sprinter vehicles. Dkt. 34. That motion will be granted in part and denied in part. River States may add claims for inequitable allocation and delivery, but the request to add five additional plaintiffs will be denied.

ALLEGATIONS OF FACT

When a party moves to dismiss based on lack of subject-matter jurisdiction under Rule 12(b)(1), the court must accept all well-pleaded facts within the complaint as true, but it may also consider evidence outside of the pleadings to ensure jurisdiction is proper. *See Evers v. Astrue*, 536 F.3d 651, 656–57 (7th Cir. 2008). The following facts are drawn from River States' complaint and the additional evidence submitted by defendants.

Sprinter is a registered trademark of Daimler AG. The Sprinter van is manufactured by Mercedes-Benz AG, a subsidiary of Daimler AG, and is sold in the United States under the brands Mercedes-Benz and Freightliner. The Freightliner Sprinter and the Mercedes-Benz Sprinter are almost physically identical, except for different badging, and they are both marketed and sold using the Sprinter name, trademark, and logo. The Freightliner badged vans are distributed by defendant Daimler Vans to a network of Freightliner dealers in the United States. The Mercedes-Benz badged vans are distributed by defendant Mercedes-Benz USA to a network of Mercedes-Benz dealers in the United States.

Plaintiff River States is a Freightliner dealer and sells Freightliner heavy and medium commercial trucks at two dealerships in Wisconsin. In January 2017, River States entered into motor vehicle franchise agreements with Daimler Vans, which authorized River States to sell Sprinter vans at is two dealership locations. Dkt. 22-1

On August 18, 2020, Daimler Vans notified River States that Mercedes-Benz AG was discontinuing the Freightliner Sprinter. Dkt. 22-2. The letter stated that production of the Freightliner Sprinter would stop in September 2021, and that all new retail sales had to be completed by December 31, 2021. The letter stated that several factors led to the decision, including the Covid-19 pandemic and the high homologation costs for the single-market, low volume product. Daimler Vans offered to pay River States $75,000 for the loss of its Sprinter franchises.

River States rejected Daimler Van's offer of $75,000, stating that River States' Sprinter sales contributed more than $500,000 each year to its net profits. River States requested that it be granted a Mercedes-Benz Sprinter franchise so that it could continue selling Sprinter vans. River States' request for a Mercedes-Benz franchise was rejected, and it filed this lawsuit.

## ANALYSIS

**A.  River States' claims**

Rivers States contends that defendants violated various provisions of the Wisconsin Motor Vehicle Dealer Law (WMVDL), Wis. Stat. §§ 218.0101–218.53, by canceling its Freightliner Sprinter franchise and refusing to grant it a Mercedes-Benz Sprinter franchise. The WMVDL is intended to protect motor vehicle dealers from unfair treatment by auto manufacturers. *Forest Home Dodge, Inc. v. Karns*, 29 Wis. 2d 78, 85, 138 N.W.2d 214 (1965).

3

Although the WMVDL is enforced administratively by the state department of transportation, the law also allows dealers to bring a civil action for damages, costs, and reasonable attorney fees to recover for pecuniary loss caused by a manufacturer's or distributor's violation of certain provisions of the law. Wis. Stat. § 218.0163(1). If the violation is willful, the dealer is entitled to treble damages. Dealers may file a civil action without exhausting the administrative remedies available under the law. *Id.*

River States contends that Daimler Vans violated Wis. Stat. § 218.0116(1)(i), which prohibits distributors from canceling a franchise without "just provocation" or "due regard for the equities." River States argues that there was no "just provocation" because it was not in breach of the dealer agreement, and that Daimler Vans did not consider the "equities" of the situation because Mercedes-Benz dealers are allowed to continue selling Sprinter vans. River States contends that Mercedes-Benz USA violated Wis. Stat. § 218.0116(1)(i) because that provision also provides that, if there is a change in a distributor of a line make of vehicles, a franchise granted by the former distributor "shall continue in full force and operation under the new distributor." River States contends that Mercedes-Benz USA is replacing Daimler Vans as the distributor of Sprinter vans, so Mercedes-Benz USA is obligated to continue the franchise that Daimler Vans granted to River States.

**B. Defendants' motion to dismiss**

The case-or-controversy limitation in Article III of the Constitution authorizes federal courts to decide only cases that involve "a claim that is ripe and a plaintiff who has standing." *Ind. Right to Life, Inc. v. Shepard*, 507 F.3d 545, 549 (7th Cir. 2007). The standing doctrine requires a plaintiff to show that it suffered an injury in fact that is both fairly traceable to the challenged conduct of the defendants and likely to be redressed by a favorable judicial decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). "Injury in fact" means "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal quotation marks omitted). The ripeness doctrine concerns whether a case involves abstract, uncertain, or contingent events that may not occur as anticipated, or may not occur at all. *Wis. Right to Life State PAC v. Barland*, 664 F.3d 139, 148 (7th Cir. 2011). Whether a claim is ripe depends on whether the legal issues are ready for judicial decision and whether the parties would suffer hardship if the court withheld consideration. *Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 201 (1983).

Defendants argue that this case should be dismissed for lack of subject matter jurisdiction because River States lacks standing and its claims are not ripe. Defendants' standing and ripeness arguments are related. Defendants contend that River States' claims are premature and that River States has not yet suffered any injury because River States' Sprinter franchise won't be terminated until December 31, 2021. Defendants also argue that because they intend to comply with the WMVDL provisions governing line-make terminations, River States will not suffer any redressable injury and does not have a valid claim under the WMVDL.[1]

### 1. River States' alleged injury

There is nothing abstract or speculative about River States' claims or alleged injuries. River States contends that defendants are terminating its franchises in violation of the

---

[1] Defendants also argued that River States' claim for injunctive relief against Mercedes-Benz USA should be dismissed, but River States withdrew that claim when it filed its proposed second amended complaint. Therefore, the court will not address the parties' arguments about the availability of injunctive relief.

WMVDL, and it alleges that it has suffered and will continue to suffer pecuniary loss due to the announced termination of its Sprinter franchises. River States also alleges that defendants have refused to compensate River States for its losses. These alleged injuries are concrete, particularized and imminent, and are not conjectural or hypothetical.

Defendants concede that the Freightliner Sprinter van has been discontinued and that there are no contingent events that might prevent River States' franchises being cancelled. Defendants also concede that River States has not been offered and will not be offered a franchise that would permit it to sell Mercedes-Benz badged Sprinter vans. *See Capeheart v. Terrell*, 695 F.3d 681, 684 (7th Cir. 2012) (critical question for ripeness concerns is whether the claim involves uncertain events "that may not occur as anticipated, or [may] not occur at all"). However, defendants argue that River States must wait to sue until the franchises have actually been terminated.

Defendants cite no authority to support their argument that River States must wait until after December 31 to sue. Nor has the court found any Wisconsin court decisions addressing whether a dealer may sue to enforce the WMVDL before the termination date. However, the Wisconsin Supreme Court has issued two decisions addressing when dealers may sue for damages under a statute similar to the WMVDL, the Wisconsin Fair Dealership Law, which is also intended to protect dealers and provides close analogues of the rights conferred in the WMVDL. Under that statute, a dealer may sue to challenge the termination of a franchise as soon as the dealer receives notice of the termination decision; the dealer does not have to wait until it has incurred actual financial harm. *See Benson v. City of Madison*, 2017 WI 65, ¶¶ 55-56, 376 Wis. 2d 35, 68, 897 N.W.2d 16, 32 (cause of action challenging termination of dealership accrued when dealers received notice of termination); *Les Moise, Inc. v. Rossignol*

6

*Ski Co.*, 122 Wis. 2d 51, 57, 361 N.W.2d 653, 656 (1985) ("When the dealer receives a written termination notice, he may bring an action under Section 135.03, if the grantor lacked good cause to terminate. . . ."); *see also Faxon Sales, Inc. v. U-Line Corp.*, No. 17-CV-872-JPS, 2017 WL 4990617, at *7 (E.D. Wis. Oct. 31, 2017) ("Under the WFDL, a claim for failure to have good cause for termination usually accrues upon sending the notice of termination, not the effective date of the termination.").

Defendants argue that these Fair Dealership Law cases are distinguishable because the dealers in those cases challenged the adequacy of the termination notices in addition to the legality of the termination. But the Wisconsin Supreme Court expressly rejected the argument that a claim challenging termination did not accrue until the date of the termination, and instead held that a claim challenging termination can be brought as soon as a notice of termination was received. *See Benson,* 2017 WI 65, ¶ 57; *Les Moise*, 122 Wis. 2d at 61, 361 N.W.2d 653.

In light of the similarities between the Motor Vehicle Dealer Law and the Fair Dealership Law, the court is persuaded that a motor vehicle dealer can file a lawsuit challenging a termination as soon as it receives notice of the termination. Rivers States alleges that it is already experiencing hardship and facing significant business decisions as a result of defendants' termination notice. River States does not need to wait until it suffers further pecuniary harm. Thus, River States' allegations are sufficient to establish both that standing exists and that there is a dispute ripe for resolution.

2.  **WMVDL provisions for line-make terminations**

Defendants also argue that River States' claims are premature because defendants intend to comply with the provisions of the WMVDL that apply to "line-make terminations."

The WMVDL states that the cancellation or nonrenewal of a franchise shall not be a violation of the law if the distributor complies with several requirements, including notice and compensation requirements, and if the manufacturer or distributor:

> contemporaneously cancels or fails to renew every franchise for the same line make granted to any dealer or distributor in the United States or, in the case of a franchise relating to a line make that is sold or distributed in less than 13 states of the United States, the manufacturer, importer or distributor contemporaneously cancels or fails to renew every franchise for the same line make granted to any dealer or distributor in this state.

Wis. Stat. § 218.0132(2). These provisions permit manufacturers and distributors to cease distribution of a vehicle line make and withdraw from a market without facing penalties under the WMVDL. *See, e.g. Wright-Moore Corp. v. Ricoh Corp.*, 908 F.2d 128, 138, n.4 (7th Cir. 1990) (franchise laws permit complete market withdrawal because "market withdrawals carry little chance of unfair dealing"); *Mid-State Truck Service v. General Motors Corp.*, 1988 WL 148432, at *9 (W. D. Wis. 1988) ("a nondiscriminatory product market withdrawal" does not violate the WMVDL).

Defendants argue that the discontinuance of the Freightliner Sprinter constitutes a "line-make withdrawal," and that because it intends to comply with all of the requirements of § 218.0132(2), River States' claims for unlawful termination cannot proceed. They also argue that because Mercedes-Benz USA was not and will not be a distributor of the Freightliner Springer, Mercedes-Benz USA did not violate the WMVDL by refusing to grant River States a Sprinter franchise. River States disagrees, arguing that "Sprinter" is the relevant line make, that the Freightliner Sprinter and Mercedes-Benz Sprinter are part of the same line make, and that defendants cannot rely on § 218.0132(2) because they are not canceling or failing to renew an entire line make.

These arguments do not relate to standing or ripeness. Whether River States will succeed on its claims, or whether defendants will be able to show that they complied with the law, are not questions of subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the courts' statutory or constitutional power to adjudicate the case."); *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015) (whether defendant was subject to Rehabilitation Act was merits-related question and did not affect subject matter jurisdiction).

Defendants' arguments depend on the court accepting its assertion that Freightliner and Mercedes-Benz Sprinters belong to different line makes. If these vehicles are part of the same line make, as River States argues, then defendants cannot rely on the provisions of § 218.0132(2) to avoid River States' claims. But defendants expressly state in their briefs that the court cannot and should not resolve the parties' dispute over the meaning of "line make" at this stage. Dkt. 21, at 4, n.3 and Dfts.' Reply, Dkt. 32, at 12, n.8. The court agrees that this issue needs factual and legal development by both sides. Accordingly, defendants' motion to dismiss will be denied and this case will proceed for further factual development. *See Cromeens, Holloman, Sibert, Inc v. AB Volvo*, 349 F.3d 376, 391 (7th Cir. 2003) (remanding case to consider parties' dispute about whether Volvo's rebranding of Samsung excavators amounted to an unlawful discontinuation of goods covered by franchise agreement).

## C. River States' motion for leave to file second amended complaint

River States seeks leave to file a second amended complaint that: (1) adds five additional Freightliner dealers whose Sprinter franchises have been cancelled by defendants; (2) adds claims for inequitable allocation and delivery of Sprinter vehicles; and (3) withdraws

River States' claim for injunctive relief against defendant Mercedes-Benz USA. Defendant does not oppose the withdrawal of the injunctive relief claim, so that amendment will be granted. Defendant also does not develop an argument regarding River States' proposed claim for inequitable allocation and delivery of Sprinter vehicles. The court concludes that adding the inequitable allocation and delivery claim would not substantially increase the parties' discovery burden or otherwise cause undue prejudice to defendants, and the amendment would not delay this case significantly. Therefore, the court will permit that amendment as well.

But River States may not add five additional plaintiffs to this case. The proposed plaintiffs have no apparent connection to Wisconsin or to River States. They operate different motor vehicle dealerships in Indiana, Ohio, and Pennsylvania, and their claims arise under the motor vehicle dealer statutes in those states. Although the statutes have similarities, they are not identical, and they contain different statutory frameworks for implementing dealership terminations. And the outcome of the termination claims at issue in this case will depend on the language of the state statute and dealership agreement at issue. *See, e.g., FMS, Inc. v. Volvo Const. Equip. N. Am., Inc.*, 557 F.3d 758, 763–64 (7th Cir. 2009) (language of state statute and dealer agreement were dispositive of claim challenging lawfulness of franchise termination caused by rebranding of Samsung excavators to Volvo). Under the circumstances, adding five additional plaintiffs would make this case unreasonably complex and unwieldy and would not result in increased efficiencies. Accordingly, River States may withdraw its claim for injunctive relief and may add claims for inequitable allocation and delivery, but it may not add new plaintiffs to this case.

ORDER

IT IS ORDERED that

1. The motion to dismiss filed by defendants Daimler Vans USA, LLC and Mercedes-Benz USA LLC, Dkt. 20, is DENIED.

2. Plaintiff River States Truck and Trailer, Inc.'s motion for leave to file a second amended complaint, Dkt. 34, is GRANTED IN PART and DENIED IN PART, as set forth above. By October 6, 2021, River States must file a second amended complaint that reflects the claims permitted by this order.

Entered September 29, 2021.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge